**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50280 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-01962-L-1 |
| v. | |
| JUAN PEDRO BARRAZA-LOPEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted May 3, 2011
Pasadena, California

Before: PREGERSON, FISHER and BERZON, Circuit Judges.

Juan Pedro Barraza-Lopez appeals his guilty-plea conviction on two counts

of illegal reentry and one count of escape from federal custody. He also appeals

his 100-month sentence.[1] We affirm.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1] We address the other argument Barraza-Lopez raises on appeal in an
opinion filed concurrently with this memorandum disposition.

1.      Barraza-Lopez has waived his claim that 18 U.S.C. § 3161(c)'s 70-day indictment-to-trial time limit was violated.  In the plea agreement, he agreed not to appeal any rulings other than those the agreement expressly outlined.  Barraza-Lopez did not raise his § 3161(c) claim before the district court, so the plea agreement of course did not list any ruling on this claim among those preserved for appeal.  Barraza-Lopez therefore waived his right to raise it here. *See United States v. Bynum*, 362 F.3d 574, 583 (9th Cir. 2004).

2.      Barraza-Lopez's 100-month sentence – at the low end of an unchallenged Guidelines range – was not substantively unreasonable.  *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc).  The district court discussed all of the mitigating evidence Barraza-Lopez says was improperly discounted and explained why it accorded greater weight to the aggravating evidence.  There was no abuse of discretion.  *See United States v. Burgum*, 633 F.3d 810, 813 (9th Cir. 2011) (rejecting a substantive unreasonableness challenge when the district court's findings were "rational, clearly explained and closely tied to the factual record").

**AFFIRMED.**